UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLARENCE EASTERLING,
        Plaintiff,

  v.                                  Case No. 04-C-615
                                        (USCA Case No. 05-3118 )

OFFICER N. KOPP, et al.
        Defendants.

**ORDER**

      The pro se plaintiff, a state prisoner at all relevant times, brought a civil action in this court under 42 U.S.C. § 1983, alleging that his civil rights were violated. The plaintiff was granted leave to proceed in forma pauperis. The plaintiff filed a notice of appeal, and currently before the court is the plaintiff's request for leave to proceed in forma pauperis on appeal.

      A plaintiff who was allowed to proceed in forma pauperis in the district court does not ordinarily need to provide reasons for an appeal. *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir.1999). There are three grounds for denying in forma pauperis status to a prisoner appellant: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. *See* 28 U.S.C. §§ 1915(a)(2)-(3), (g). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California,* 386 U.S. 738 [1967]); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an

appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

In considering the plaintiff's request to proceed in forma pauperis before the district court, it was determined that the plaintiff met the indigence requirement of 28 U.S.C. § 1915(a)(1) and that his claims were neither malicious nor frivolous. As a result, this court does not find any indication that the plaintiff's appeal is not taken in good faith. Thus, I will grant the plaintiff's request to proceed in forma pauperis on appeal.

Under the PLRA, a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $255.00 filing fee in advance for an appeal, he or she can request leave to proceed in forma pauperis. To proceed with an action or appeal in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less.

2

Case 1:04-cv-00615-WCG   Filed 08/26/05   Page 2 of 4   Document 63

Along with his original request to proceed in forma pauperis, the plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff is required to pay an initial partial filing fee of $12.03 (20 percent of the average monthly balance of $60.15). Subsequent payments will be calculated and collected pursuant to 28 U.S.C. § 1915(b)(2). Appellant has also filed a motion seeking an order to open up his prison release account. Given the above, that motion seems unnecessary because the appellant's trust account statement indicates he has sufficient funds to pay at least the initial fee of $12.03. That motion is therefore denied.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed in forma pauperis on appeal is hereby **GRANTED,** because this court determines that this appeal has not been taken in bad faith.

**IT IS FURTHER ORDERED** that plaintiff submit the initial partial filing fee to the clerk of court within 21 days of the date of this order. Failure to do so may result in dismissal.

**IT IS FURTHER ORDERED** that after the initial filing fee has been paid, the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee ($255) by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

3

**IT IS FURTHER ORDERED** that the motion to open the appellant's release account is **DENIED**.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated this   26th   day of August, 2005.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge